UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS RICHARD GRAY,

    Petitioner,

v.

Warden JOHN KING,

    Respondent.

Civil No. 09-3004 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1994, Petitioner was convicted in the state district court for Clearwater County, Minnesota, on a charge of second degree murder.[2] He was sentenced to 40 years in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket No. 1], p. 1.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Petitioner fired a pistol at his wife as she was lying in bed. Three shots hit her in the head, and two hit her in the chest. The couple's four young children were in the family home at the time of the shooting, and at least two of them apparently heard their mother being murdered by their father. Gray v. State, No. C6-95-1870 (Minn. App. 1996), 1996 WL 251911 (unpublished opinion) at *1.

Petitioner filed a direct appeal after he was convicted and sentenced, but the appeal was voluntarily dismissed, so he could pursue a post-conviction motion presenting a claim of ineffective assistance of counsel.[3] The trial court denied the post-conviction motion, and Petitioner then renewed his appeal.

On May 14, 1996, the Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and upheld his conviction and sentence. Gray v. State, No. C6-95-1870 (Minn.App. 1996), 1996 WL 251911 (unpublished opinion) [hereafter "Gray I"]. Petitioner did not seek further review in the Minnesota Supreme Court, and he did not otherwise seek further review of his conviction or sentence until 2007.

On June 15, 2007, Petitioner filed a second post-conviction motion, which raised several new claims, including new ineffective assistance of counsel claims. (Petition, p. 6.) Petitioner claimed that he had not received adequate legal representation from his trial counsel, or from his appeal/post-conviction counsel. After conducting an evidentiary hearing, the trial court denied Petitioner's second post-conviction motion. Petitioner then filed another appeal, but the Minnesota Court of Appeals affirmed the trial court's ruling. Gray v. State, No. A07-2227 (Minn. App. 2008), 2008 WL 5334724 (unpublished opinion) [hereafter "Gray II"]. The Minnesota Supreme Court denied Petitioner's application for further review on February 25, 2009. Id.

Petitioner's current federal habeas corpus petition was filed on October 26, 2009.

---

[3] The Minnesota Supreme Court has frequently stated that if an ineffective assistance of counsel claim requires additional factfinding, it is best to raise the claim in a post-conviction motion before the case is decided on direct appeal. See Torres v. State, 688 N.W.2d 569, 572, n. 1 (Minn. 2004) (the "'best procedure for raising such a claim... is to file a petition for postconviction relief before appeal'"), quoting Robinson v. State, 567 N.W.2d 491, 495 n. 3 (Minn. 1997) (emphasis in original) (citing Roby v. State, 531 N.W.2d, 482, 484, n. 1 (Minn.1995)); Russell v. State, 562 N.W.2d 670, 673 (Minn.

This petition lists several claims for relief, which Petitioner has summarized as follows:

(1) "Conviction obtained by use of evidence gained pursuant to an unconstitutional search an[d] seizure."

(2) "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant."

(3) "Conviction gained by action of a Grand or Petit jury which was unconstitutionally selected and impaneled."

(4) "Denial of effective assistance of counsel."

(5) "Denial of right of appeal."

(Petition, pp. 7 -12.)

However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

1997) (same). Petitioner's counsel apparently followed that procedure in Petitioner's case.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief. Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction and sentence were upheld on his first appeal on May 14, 1996.[4] Because Petitioner did not seek further review in the Minnesota Supreme Court, the

---

[4] For Petitioner's benefit, the Court has assumed that the first post-conviction appeal should be viewed as the functional equivalent of a direct appeal, because that apparently is how it would be viewed in the state courts. If the Court considered the direct appeal to have concluded when Petitioner's original appeal was voluntarily withdrawn, (so he could pursue his ineffective assistance claims in his first post-conviction motion), then Petitioner's conviction would have become final on direct review, and the federal statute of limitations would have begun to run, much <u>earlier</u> than the Court now finds.

date when his conviction and sentence became "final" is determined by apposite state law. Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008). Under Minnesota law, if a criminal defendant does not file a timely request for further review in the State Supreme Court, his conviction becomes final upon the expiration of the deadline for seeking further review. Vazquez v. State, No. A07-1994 (Minn. App. 2008), 2008 WL 4471521 (unpublished opinion) at *2, rev. denied, Dec. 16, 2008. The deadline for seeking further review in the Minnesota Supreme Court expires 30 days after the Court of Appeals' decision is handed down. Minn. R. App. P. 117, subd. 1.

The Minnesota Court of Appeals handed down its decision in Gray I on May 14, 1996, and the deadline for seeking further review of that decision expired 30 days later, on June 13, 1996. Petitioner did not seek further review of the Court of Appeals decision in Gray I, and thus his conviction became final, for purposes of § 2244(d)(1)(A), on June 13, 1996. The one-year federal statute of limitations expired one year later, on June 13, 1997. Petitioner did not file his current petition until October of 2009, which was more than twelve years after the statute of limitations deadline. Therefore, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his second post-conviction motion in the trial court. The statute of limitations expired on June 13, 1997, and Petitioner

5

did not file his next state post-conviction motion until June 15, 2007 – more than ten years after the federal habeas limitations period had expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's 2007 post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his 2007 state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until the 2007 state post-conviction action was fully completed, (i.e., when the Minnesota Supreme Court declined to review the matter on February 25, 2009.) That, however, is simply not correct. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in June 1997, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction

6

motion.[5]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses

---

[5] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.[6] It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on June 13, 1997. However, Petitioner did not file his current petition until October 26, 2009 – more than twelve years after the statute of limitations deadline.

Petitioner's 2007 state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his second post-conviction motion until June 2007, which

---

[6] Petitioner seems to believe that the attorney who represented him in Gray I should have applied for further review in the Minnesota Supreme Court, but he erroneously failed to do so. However, that alleged error cannot warrant equitable tolling, because it fails to explain, or excuse, the full ten-year gap between the conclusion of Gray I and the initiation of Gray II. Furthermore, as noted in the text, attorney errors generally do not provide a valid ground for equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), cert. denied, 539 U.S. 933 (2003); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion), cert. denied, 549 U.S. 846 (2006) (same).

8

was ten years after the federal statute of limitations had already expired. The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and that this action should be summarily dismissed with prejudice.

Finally, the Court notes that Petitioner's habeas corpus petition was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) However, Petitioner subsequently paid the full $5.00 filing fee for this case, (Docket No. 3), and he has not shown that he has any further need for IFP status. The Court will therefore recommend that Petitioner's IFP application be denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED AS MOOT; and

3. This action be DISMISSED WITH PREJUDICE.


Dated: November 30, 2009    s/ *Jeanne J. Graham*
                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 14, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.