<pre>                      UNITED STATES DISTRICT COURT
                          DISTRICT OF MINNESOTA
</pre>

| THOMAS RICHARD GRAY, | Civil No. 09-3004 (JRT/JJG) |
|---|---|
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| JOHN KING, Warden, | |
| Respondent. | |

Thomas Richard Gray, #176186, Minnesota Correctional Facility-Faribault, 1101 Linden Lane, Faribault, MN 55021-6400, petitioner *pro se*.

Kimberly R. Parker and Matthew Frank, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondent.

On October 26, 2009, petitioner Thomas Richard Gray filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis* ("IFP"). United States Magistrate Judge Jeanne J. Graham issued a Report and Recommendation recommending that the Court deny Gray's habeas petition as time-barred, deny as moot Gray's motion for leave to proceed IFP, and dismiss the action with prejudice. Gray filed objections, and the Court reviews *de novo* those portions of the Report and Recommendation to which Gray objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. Local Rule 72.2. For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

In 1994, a Clearwater County, Minnesota jury found Gray guilty of second-degree intentional murder. *Gray v. State* (*Gray I*), No. C6-95-1870, 1996 WL 251911, at *1-2 (Minn. Ct. App. May 14, 1996). The trial court sentenced Gray to a 480-month term of imprisonment, *id.* at *2, and Gray is currently serving that sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

After his conviction, Gray sought post-conviction relief in the trial court, arguing that his trial counsel was constitutionally ineffective. *Id.* at *1. The trial court denied Gray's request, and on May 14, 1996, the Minnesota Court of Appeals affirmed. *Id.* at *2-4. Gray did not seek further appellate review from the Minnesota Supreme Court.

On June 15, 2007, Gray filed a second petition for post-conviction relief in state court, which raised new ineffective assistance of counsel claims, including ineffective assistance of his appellate and trial counsel. (Pet. at 6, Docket No. 1.) After holding an evidentiary hearing, the trial court denied Gray's second petition for post-conviction relief and on December 23, 2008, the Minnesota Court of Appeals affirmed. *Gray v. State* (*Gray II*), No. A07-2227, 2008 WL 5334724, at *1-2 (Minn. Ct. App. Dec. 23, 2008). On February 25, 2009, the Minnesota Supreme Court denied Gray's application for further review. *Id.*

On October 26, 2009, Gray filed the instant petition for writ of habeas corpus, claiming that his "[c]onviction [was] obtained by use of evidence gained pursuant to an unconstitutional search an[d] seizure"; that his "[c]onviction [was] obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable

to the defendant;" that his "[c]onviction [was] gained by action of a Grand or Petit jury which was unconstitutionally selected and impaneled;" that he was denied effective assistance of counsel; and that he was denied the right to appeal his conviction. (Pet. at 7-12, Docket No. 1.)

The Magistrate Judge filed a Report and Recommendation recommending that the Court deny the habeas petition because it is time-barred. (Report & Recommendation at 5, Docket No. 6.) Gray filed timely objections to the Report and Recommendation. Gray appears to argue that the statute of limitations should be tolled because he was not aware that there was a limitations period for filing his habeas petition, and because he did not have the resources to hire an attorney to provide him with representation. (Objections at 1-3, 5, Docket No. 7.)

## DISCUSSION

### I. STATUTE OF LIMITATIONS FOR HABEAS PETITIONS

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas petitions filed "by a person in custody pursuant to the judgment of a State court." The limitations period begins to run

> from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" *Id.* § 2244(d)(2). For the purposes of Gray's petition, § 2244(d)(1)(A) is the only applicable provision, and the Court's inquiry therefore focuses on when the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See id.* § 2244(d)(1)(A).

Minnesota law provides that if a criminal defendant fails to file a timely request for further review in the Minnesota Supreme Court, a conviction becomes final when the deadline for seeking further review expires. *See O'Meara v. State*, 679 N.W.2d 334, 339 (Minn. 2004), *abrogation on other grounds recognized in Danforth v. State*, 761 N.W.2d 493, 496 (Minn. 2009); *see also Hinton v. State*, No. A05-1716, 2006 WL 2053131, at *2 (Minn. Ct. App. July 25, 2006). The time for seeking further review from the state supreme court expires thirty days after the court of appeals files its decision. Minn. R. Crim. P. 29.04 subd. 2.

The Minnesota Court of Appeals filed its decision in *Gray I* on May 14, 1996, *see Gray I*, 1996 WL 251911, and Gray's conviction became a final judgment of the state

court on June 13, 1996, after Gray failed to seek further review of that decision. Thus, the one-year statute of limitations for Gray's habeas claims expired on June 13, 1997. Gray filed his October 26, 2009, habeas petition twelve years after the statute of limitations expired, and hence this action is time-barred.

Gray has also not demonstrated that the statute of limitations was tolled under § 2244(d)(2). Gray's second petition for post-conviction relief, filed on June 15, 2007, did not toll the statute of limitations because the limitations period had expired ten years before he filed that petition. *See Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year . . . limit for federal habeas filing cannot be tolled after it has expired."); *see also Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). Further, Gray's second petition for post-conviction relief did not "reset the clock" on the statute of limitations. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the . . . clock from ticking and cannot revive a time period that has already expired." (internal quotation marks omitted)).

Notwithstanding the limitations period provided by § 2244(d)(2), the statute of limitations may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. . . . [or if] conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (internal quotation marks omitted). Gray contends that his failure to file the instant habeas petition is justified because he was not aware of the limitations period for his

petition, because he had inadequate resources to pursue his claims, and because he was not represented by counsel. (Objections at 1-3, 5, Docket No. 7.) The Eighth Circuit has held, however, that equitable tolling of the statute of limitations for habeas petitions is not warranted "in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Accordingly, the Magistrate Judge did not err in recommending that the Court deny the habeas petition because "it plainly appears from the petition and . . . attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases. The Magistrate Judge also properly concluded that the Court should deny Gray's motion for leave to proceed IFP. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]").

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Gray has not shown that reasonable jurists would find the issues raised in Gray's § 2254 petition debatable, that some other court would resolve

the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

### ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections to the Report and Recommendation [Docket No. 7], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated November 30, 2010, [Docket No. 6]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Gray's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**.

2. Gray's Motion for Leave to Proceed *In Forma Pauperis* [Docket Nos. 2] is **DENIED as moot**.

3. For the purposes of appeal, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2)..

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 23, 2010　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge